*328
Curia, per

Frost, J.
The motion was made before any plea was filed: and it is not contested that it should be granied, if the objection to the bonds be sustained. Boyd vs. Boyd, (2 N. &. McC. 125,) Wigfall vs. Byne, (1 Rich. 414.)
The Acts of 1799 (7 Stat. 294,) and of 1839' direct in the same terms that the plaintiff, before a writ of attachment is issued, shall give bond “in double the amount for which the attachment issues.” The construction which has been given to the first Act must govern the last.
In Grey ads. Young, (Harp. 38,) the damages were laid in the writ at $10,000, and the plaintiff’s bond was given for $700. Johnson, J., says, the damages laid in the writ is the sum sued for, and the bond ought to be in double that amount: and that there was no doubt the motion to set aside the writs would have prevailed, if it had been made in proper time: but that, by appearing and pleading, the defendant had waived all objections to the regularity of the writ. In Camberford vs. Hall, (3 McC. 345,) the Circuit Judge, at the instance of the attorney of the garnishee, set aside all the proceedings, in a suit by attachment, because the bond of the plaintiff was taken for double the cause of action and not for double the damages. On appeal the order was reversed, because the garnishee could not make the objection. These cases furnish direct authority on the question. The validity of the objection to the bonds was admitted when the objection was obviated. If this were not so, yet the cases have recognized and established a practice which should not be disturbed without urgent reasons.
But if the question were new, the construction adopted by these cases should prevail. The clerk is directed to take bond from the plaintiff in double the amount for which the attachment is issued. In assumpsit the damages laid in the writ is the amount for which the attachment is issued. By that the plaintiff’s demand is defined. He can recover so much, and no more. That affords the only direction to-the clerk respecting the amount for which he shall take the bond. The causes of action are not set out in the writ,- nor is any affidavit of the debt or demand made. *329 as in cases for bail. It is customary to double the principal sum of the cause of action for the damages. But it is not necessary. Any sum which will cover the plaintiff’s demand may be inserted in the writ. If the clerk should assume one-half of the damages as the amount for which the writ is issued, he would err in every case in which the cause of action bears interest. The interest may be, and frequently is, a large increase of the original demand. There can be no measure of the damages for which the writ is issued, except the sum stated in the writ; for the plaintiff may declare for any number of causes of action within that amount.
The sheriff is bound to attach property to the amount of the damages. A bond for only half the damages might be a security not half sufficient to indemnify the defendant against any illegal conduct of the plaintiff in obtaining the writ.
The motion to set aside the writs and dissolve the attachment • is granted in all the cases in assumpsit. That of Brown & Stone has been stated to be in debt. If the damages are merely nominal, the debt is the sum sued for; and if the bond is taken in double that amount, the motion in that case is refused: but if the damages are laid to cover the interest which may be due, then the debt and damages are the sum sued for; and if the bond is. not taken in double the sum sued for, the motion is granted in that case also.
O’Neall, Evans, Wardlaw, Withers and Whitner, JL, concurred.

Motion granted.